UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RA CAPITAL HEALTHCARE FUND, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>CHEMOCENTRYX, INC., et al.,<br><br>Defendants. | Case No. 24-cv-02645-JST<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: ECF No. 51 |

Before the Court is Defendants ChemoCentryx, Inc. and Dr. Thomas J. Schall's (together, "Defendants") motion to dismiss or, in the alternative, to stay action. ECF No. 51. The Court will grant the motion to stay and terminate the motion to dismiss without prejudice to its re-noticing or re-filing, if appropriate, after the stay is lifted.

I. **BACKGROUND**

Plaintiff alleges that it suffered tens of millions of dollars in investment losses as a result of false and misleading statements and omissions made by Defendants regarding ChemoCentryx's major new drug avacopan. *See* ECF No. 1 ¶ 1. It asserts claims for violation of Section 10(b) of the Exchange Act and Rule 10b-5(b); violation of Section 10(b) of the Exchange Act and Rule 10b-5(a) and (c); violation of Section 20(a) of the Exchange Act; violation of Section 20A of the Exchange Act; violation of Section 18 of the Exchange Act; fraud; negligent misrepresentation; and violation of California Civil Code § 1709. *Id.* ¶¶ 385-465.

Three years before Plaintiff filed this lawsuit, Lead Plaintiff Indiana Public Retirement System ("IPRS") filed in this Court *Homyk v. ChemoCentryx, Inc.*, Case No. 21-cv-03343 (the "Class Action"), an action individually and on behalf of all persons who purchased or otherwise

1  acquired ChemoCentryx common stock between November 26, 2019, and May 6, 2021.  In that
2  action, IPRS raises essentially identical allegations as those asserted by Plaintiff here—that
3  Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and U.S.
4  Securities and Exchange Commission Rule 10b-5 by making false and misleading statements and
5  omissions about avacopan, thereby artificially inflating the price of ChemoCentryx stock during
6  the Class Period, and that Dr. Schall is liable for insider trading under Section 20A of the
7  Securities Exchange Act.  *See Homyk*, ECF No. 47.  The Court recently resolved several motions
8  to to exclude the testimony of various experts in that case.  ECF No. 289.  Motions for summary
9  judgment in that case will be fully briefed by July 3, 2025.  ECF No. 234.  Jury trial is set to begin
10 on September 23, 2025.  *See* ECF No. 148.

Defendants now move to stay this case pending resolution of the Class Action.  ECF No. 51.  They also move to dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6).  *Id.*

## II.   JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.  LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In deciding whether to stay proceedings, a district court must weigh various competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."  *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  The burden is on the movant to show that a stay is appropriate.  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## IV. DISCUSSION[1]

The Court finds good cause to stay this case pending resolution of the Class Action filed by IPRS. First, the issuance of a stay would simplify the issues, proof, and questions of law. As Plaintiff acknowledges, the Class and Plaintiff allege the same misstatements with the exception that Plaintiff has alleged "one additional category of misstatements relating to ChemoCentryx's disclosure controls and procedures." *See* ECF No. 59 at 14. The factual nexus and core of legal issues remain the same between the two cases—Defendants' alleged fraudulent representation regarding avacopan and the ADVOCATE trial and the subsequent injury suffered by investors after the disclosures of fraud in May 2021. With summary judgment briefing about to conclude and trial scheduled for slightly more than three months from now, the Class Action will soon resolve some or all of the issues underlying both sets of litigation. Indeed, despite contending that "there are no efficiencies to be gained from a stay," Plaintiff appears to recognize that the parties can potentially "benefit from the guidance in the Class Action" as it "proceed[s] ahead of this action." *See* ECF No. 59 at 32.

Furthermore, the relative hardships also weigh in favor of a stay. It is true that the desire to avoid "costs of further litigation" does not, on its own, establish hardship or inequity on behalf of a party seeking a stay. *Glick v. Performant Fin. Corp.*, No. 16-cv-05461-JST, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017). But it would be inequitable to force Defendants to defend this case here, when the orderly course of justice dictates that the Class Action—filed three years prior to this action—should be decided first, as that case addresses the central questions at issue in this one. And the burden of defending both actions is particularly heightened given the approaching trial in the Class Action. On the other hand, minimal damage would result to Plaintiff from the grant of a stay here. Trial for the class action proceedings is currently set for September 23, 2025—less than four months from now—so the duration of a stay in this action would be minimal. Furthermore, as Defendants point out, it is unlikely that the delay of proceedings here would raise concerns about lost evidence or memory, when discovery has

---

[1] Because the Court grants the stay under its inherent powers, it does not address Defendants' alternative argument for a stay under the first-to-file rule.

1 already taken place and fact witnesses have been identified—and will potentially be actively

2 testifying—in the ongoing parallel litigation covering essentially identical facts.

3 Accordingly, the interests of judicial economy and efficiency warrant the issuance of a stay

4 here pending the resolution of the Class Action.

## CONCLUSION

For the above reasons, Defendants' motion to stay is granted.  This case is stayed pending resolution of *Homyk v. ChemoCentryx, Inc.*, Case No. 21-cv-03343 (N.D. Cal.).  The Court does not reach Defendants' alternative motion to dismiss.  Defendants' motion to dismiss is administratively terminated, without prejudice to re-noticing or re-filing, if appropriate, after the stay is lifted.

As a control date, the Court sets a case management conference on November 18, 2025, with a joint case management statement due by November 12, 2025.  If the Class Action is concluded prior to that time, the parties may file a request for an earlier case management conference or a stipulation and proposed order suggesting a schedule for proceeding with this litigation.

**IT IS SO ORDERED.**

Dated:  June 13, 2025

_____
JON S. TIGAR
United States District Judge

4